UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRUCE EMORY, et al.

                Plaintiffs,                        **MEMORANDUM AND ORDER**
                                                                              11-CV-1774 (RRM) (RLM)

     - against -

STATE OF NEW YORK, et al.

                Defendants.
------------------------------------------------------------X

ROSLYNN R. MAUSKOPF, United States District Judge.

       Pending before the Court are fully-briefed motions for summary judgment filed by the remaining defendants in this case, the State of New York and Governor Andrew Cuomo, the latter sued in his official capacity (Doc. Nos. 33, 41), as well as a counter-motion for summary judgment filed by plaintiffs (Doc. No. 39). In addition, plaintiffs have filed two unilateral notices of voluntary dismissal (Doc. Nos. 43, 44). In one, they seek dismissal without prejudice; in the latter, and wholly contrary to their arguments in their counter-motion, plaintiffs concede that all of their claims against both defendants cannot proceed as they are barred by the Eleventh Amendment. Based on this concession, and for the reasons set forth below and in defendants' motions for summary judgment, this action is dismissed with prejudice.

      **I.**      **The Eleventh Amendment Bars This Action**

       On a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the Court "accept[s] as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." *Shpak v. Curtis*, No. 10-cv-1818, 2011 U.S. Dist. LEXIS 109011, at *10 (E.D.N.Y. Sept. 26, 2011) (Mauskopf, J.) (quoting *J.S. ex rel.N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)).

1

As they concede, plaintiffs' claims against the State are barred by sovereign immunity. The Eleventh Amendment prohibits federal courts from exercising jurisdiction over "any suit in law or equity" against a State by citizens of that State. U.S. Const. amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 15 (1890); Am. Compl. ¶¶ 1–4, ECF No. 20. Such actions were "unknown to the law, and forbidden by the law, [and] not contemplated by the constitution when establishing the judicial power of the United States." *Id.* at 15. As such, this action may not be brought against the State.

As to defendant Cuomo, again, plaintiffs concede that as a matter of law, they cannot maintain their action against him.[1] As defendants properly argue, the general rule is that a federal action against a state officer in his official capacity is deemed to be an action against the State and is thus barred by the Eleventh Amendment. *See, e.g.*, *Worcester Cnty. Trust Co. v. Riley*, 302 U.S. 292, 296 (1937). And while it is true that the Eleventh Amendment allows federal actions against state officers in their official capacities for prospective injunctive relief from alleged violations of federal law, *see Ex Parte Young*, 209 U.S. 123 (1908), the *Ex Parte Young* exception applies only when the official has "some connection with the enforcement of the act" in question, as the plaintiffs concede. *Id.* at 157; Pls.' SJ Reply Br. at 3. A general duty to enforce state law or to supervise other officials responsible for enforcing the challenged provision is insufficient; otherwise, "the constitutionality of every act passed by the legislature could be tested by a suit against the governor . . . based upon the theory that [he], as the executive of the State was, in a general sense, charged with the execution of all its laws . . . ." *Id.* at 157 (citation and internal quotation marks omitted).

Here, the amended complaint does not allege that Governor Cuomo has enforced or

---

[1] The Court also finds that Governor Cuomo has not been properly served pursuant to Rule 4(m) for the reasons set forth in defendant Cuomo's Memorandum of Law in support of his motion to dismiss (Doc. No. 41-1 at pp.2-6).

2

threatened to enforce the provision of law at issue here, that is, New York Religious Corporations Law § 180 against them. Nor could it: As a matter of law, Governor Cuomo has no direct role in enforcing section 180. The governor is not mentioned anywhere in any section of the Religious Corporations Law. Rather, section 180 is enforced in the first instance by the Supreme Court justice whose endorsement is required on the certificate of incorporation, *see* N.Y. Relig. Corp. Law § 180, and on the back end in lawsuits in which the church's corporate status *vel non* is at issue — for example, an action by a private party seeking to hold a church trustee personally liable for the church's debts, or an action by the New York State Department of Taxation and Finance seeking to collect estate taxes on church assets upon the death of a church leader. Indeed, the plaintiffs identify more than 250 state officials they claim are responsible for enforcing the state statutes they purport to challenge. Pls.' SJ Reply Br. at 4. The governor is not among them. As a result, and as they concede, the plaintiffs may not bring an *Ex Parte Young* action against Governor Cuomo. Thus, plaintiffs' claims against him are barred by the Eleventh Amendment and are hereby dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1).

## II.     Dismissal With Prejudice

A plaintiff is permitted to voluntarily dismiss an action *without court order* in two situations: 1) the plaintiff files "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment;" or 2) the plaintiff files "a stipulation signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1). In this case, where an answer and a motion for summary judgment have been served on the plaintiffs and the parties have not signed a stipulation of dismissal, plaintiffs may not voluntarily dismiss this action without court order.

*See* Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.").

Plaintiffs have unilaterally filed two notices of voluntary dismissal. The first seeks dismissal without prejudice (Doc. No. 43); the second does not address prejudice, but concedes that all claims against the remaining defendants are barred by the Eleventh Amendment (Doc. No. 44).

"A trial court has great discretion in considering whether to grant a motion for voluntary dismissal under the rule." *Lebewohl v. Heart Attack Grill LLC*, 890 F. Supp. 2d 278, 304 (S.D.N.Y. 2012); *see also D'Alto v. Dahon California Inc.*, 100 F.3d 281, 283 (2d Cir.1996) ("Rule 41(a)(2) dismissals are at the district court's discretion and only will be reviewed for an abuse of that discretion."). The Second Circuit has recognized that "[t]wo lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (citation omitted). The first line indicates that dismissal without prejudice would be improper if the defendant would suffer some "plain legal prejudice other than the mere prospect of a second lawsuit," and the second line indicates that the test for dismissal without prejudice "involves consideration of various factors, known as the *Zagano* factors." *Id*. The *Zagano* factors include: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Id*; *see also Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir.1990). "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan*, 634 F.3d at 230.

In this action, consideration of these factors weighs in favor of dismissal with prejudice. Plaintiffs seek to dismiss almost two years after the action began, over a year after fact discovery was concluded, and after multiple motions have been fully-briefed, requiring the defendants to expend significant time, effort and resources to defend an action that plaintiffs now concede has no legal merit.[2] Indeed, in their most recent notice of dismissal (Doc. No. 44), plaintiffs' concede that the Eleventh Amendment bars all claims against the State of New York and Governor Cuomo, a position that wholly contradicts the arguments vigorously proffered in plaintiffs' opposition to the State's motion for summary judgment. Plaintiffs woefully-belated concession on a fundamental legal issue in this matter weighs in favor of dismissal with prejudice, both because it reflects on plaintiffs' lack of diligence in this matter as well as defendants potential burden to relitigate these same meritless claims should plaintiffs seek to refile this action. Plaintiffs have failed to proffer reasons why their "voluntary" dismissal comes so late in the litigation, and only after the defendants have marshaled strong arguments in favor of dismissal. All of these factors weigh in favor of dismissal with prejudice.

## CONCLUSION

For the foregoing reasons, the defendants' motions (Doc. Nos. 33, 41) are GRANTED, plaintiffs' cross-motion (Doc. No. 39) is DENIED, and this action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment, and close the file.

SO ORDERED.

Dated: Brooklyn, New York
      May 6, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[2] Moreover, to date, plaintiffs have never properly served defendant Cuomo.

5